UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DWAINE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-4257 |
| | ) | |
| LYNN HILGENDORF, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed this lawsuit on December 5, 2016. Pursuant to 28 U.S.C. §1915A, the Court found that Plaintiff stated claims for deliberate indifference to a serious medical need against Defendants Hilgendorf and Purcell, retaliation claims against Defendants Gans, Jones, Bryant, and Carrothers, and a procedural due process claim against Defendants Millard and King.[1] Defendants Gans, Sheppard, Jones, Bryant, Carrothers, Millard, and King now move for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies. (Doc. 18). Plaintiff did not respond to Defendants' motion, and, therefore, the Court accepts Defendants' assertion of fact in their motion as undisputed. *See* Fed. R. Civ. P. 56(e)(2).

### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party,

---

[1] The Court's Merit Review and Case Management Order does not specify the claims Plaintiff states against Defendant Sheppard. (Doc. 7). Plaintiff alleges in his Complaint that Defendant Sheppard denied Plaintiff's requests for medical treatment following the alleged incident of excessive force. (Doc. 1). To clarify the record, the Court finds that Plaintiff states a claim against Defendant Sheppard for deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (prison guards can be held liable for denying access to medical care); Fed. R. Civ. P. 60(a) (court may correct omission on its own when one is found in the record).

and all reasonable inferences must be drawn in his favor.  *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants.  *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).  The Court must hold an evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law.  *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013).  The purpose of this requirement is to "alert the state to the problem and invite corrective action."  *Turley*, 729 F.3d at 649 (internal citations omitted).  The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process."  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022,

1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.*; *see Dole*, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for Illinois Department of Corrections inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 Ill. Admin. Code § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." *Id.* A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e). An inmate may also submit a request for a grievance to be handled on an emergency basis by forwarding it directly to the Chief Administrative Officer ("CAO"). *Id.* § 504.840. If determined to be a non-emergency, the CAO must notify the inmate that he or she may resubmit the grievance via the normal procedures. *Id.* 504.840(c).

Plaintiff filed seven (7) grievances relevant to his claims in this lawsuit. Of those grievances, Plaintiff fully exhausted only one prior to filing suit: a grievance dated October 19, 2016, addressing claims that Defendant Hilgendorf used excessive force and subsequently denied medical treatment. (Doc. 19-3 at 33-34). The grievance mentions other prison officials, but Plaintiff did not identify them by name or description as required by Illinois Administrative Rule 504.810(c), or the prison official is no longer a defendant in this case.

The rest of the grievances were still pending review at the time Plaintiff filed suit, or filed after the date Plaintiff filed his complaint. *See* (Doc. 19-3 at 1-32). A prisoner may not exhaust grievances while a lawsuit is pending. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent [the] subversion of efforts to resolve matters outside of court, it is essential to keep courthouse doors closed until those efforts have run their course."). In addition, no evidence exists in the record suggesting that the process was unavailable to Plaintiff. Therefore, the Court finds that Plaintiff failed to exhaust all available administrative remedies prior to filing suit as required by the PLRA. Defendants' motion for summary judgment is granted.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [18] is GRANTED. Plaintiff's claims against Defendants Gans, Sheppard, Jones, Bryant, Carrothers, Millard, and King are dismissed without prejudice. Clerk is directed to terminate these defendants.**

2) **Defendants' Motion to Stay Discovery [21] is DENIED as moot.**

3) **As of the date of this Order, Defendant Pucecell has not returned an executed request for waiver of service. Therefore, the Clerk is directed to attempt service a second time on Defendant Pucecell via the standard procedures.**

Entered this 26th day of October, 2017.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
